UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLENN ROBERT WHITE, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 09-10011-NMG |
| ONE WORLD TECHNOLOGIES, INC., ) RYOBI TECHNOLOGIES, INC., and ) HOME DEPOT U.S.A., INC., ) | |
| Defendants. ) | |

ORDER ON
MOTION TO FILE AMENDED COMPLAINT

November 9, 2011

SOROKIN, M.J.

The Plaintiff filed a Motion to File an Amended Complaint pursuant to Fed. R. Civ. P. 15(a) so as to include two additional counts against the Defendants, One World Technologies, Inc. ("One World") and Ryobi Technologies, Inc. ("Ryobi"), for alleged violations of M.G.L. c. 93A. Docket #108 at 1. The Defendants oppose the motion. Docket #109. For the reasons explained below, the Motion is ALLOWED.[1]

I.  FACTS AND PROCEDURAL BACKGROUND

---

[1] I note that the issues presented are similar to those presented in a different Sawstop case in which a Motion to File an Amended Complaint was also filed (Docket No. 09-10890-MLW). I allowed that Motion as well.

1

The Plaintiff claims he was injured while using a table saw manufactured, sold and distributed by the Defendants. Docket #1 at 1. The Plaintiff filed his complaint on January 5, 2009. Docket #109 at 1. The complaint stated claims against all three Defendants for negligence and breach of implied warranty that the product was merchantable, safe and fit. Docket #1. The Defendants filed their answer on February 5, 2009. Id. Fact discovery closed on December 7, 2009. Id. Expert discovery closed on March 1, 2011. Docket Entry No. 77. The Plaintiff filed the instant motion to file an amended complaint to add two counts under M.G.L. c. 93A on August 17, 2011. Docket #109 at 1. At that time, the trial was scheduled to commence on September 19, 2011. Id. On August 18, 2011, the trial was continued to January 9, 2012 because the Court and the parties were awaiting a decision from the First Circuit in Osorio v. One World Technologies, Inc., No. 10–1824, 2011 WL 4582425 (1st Cir. October 5, 2011). See Docket Entry for 08/18/11.

II. DISCUSSION

Fed. R. Civ. P. 15(a)(2) provides that leave to amend a pleading "shall be freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The First Circuit has often described this standard as reflecting the "liberal" amendment policy underlying Rule 15. O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir.2004). Reasons for denying leave to amend include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir.2009) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). However, the First Circuit has noted that once a Rule 16 scheduling order is in

place (as is the case here),[2] then the appropriate standard for analysis of a motion to amend is no longer the liberal "freely given" standard of Rule 15(a), but rather the more demanding "for good cause" standard of Rule 16(b). Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir.2004) (citing O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154-155 (1st Cir.2004)).[3] "This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Steir, 383 F.3d at 12.

In the instant case, the Plaintiff seeks to file an amended complaint reflecting a claim under M.G.L. c. 93A against Defendants One World Technologies and Ryobi Technologies, Inc., namely that the Defendants' "breach of warranty, distribution and sale of a defective and unsafe table saw, coupled with [Defendants'] failure to adequately warn foreseeable users about the hazards associated with its table saw, constituted unfair and/or deceptive business practices which violated M.G.L. c. 93A." Docket ##108, 108-1 ¶¶ 35, 39. The Plaintiff asserts that this claim would involve the same factual issues as already presented by the Plaintiff's breach of warranty claims and therefore would not result in any delay; the Plaintiff also, however, avers

---

[2] The Court set a schedule for all fact discovery, the proposal by counsel of any additional items needed scheduling and a status conference on January 22, 2009. The Court then reviewed the discovery schedule and adopted a joint statement of the parties as to a governing schedule on March 4, 2009. This schedule was revised in light of other pending, related cases on December 1, 2009 and again on March 25, 2010. The Court set no express deadline for the filing of motions to amend. At this time, all discovery is done and trial is set for January 9, 2012.

[3] The even more demanding standard that applies where the motion to amend is filed after the opposing party has timely moved for summary judgment – "substantial and convincing evidence," Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir.2004) – does not apply in this case because although one defendant, Home Depot U.S.A., Inc. did move for partial summary judgment (Docket #38), the Plaintiff seeks only to amend his complaint to include the 93A claims with respect to the other two Defendants.

that it was during the "extensive discovery" in this case that the Plaintiff learned of the facts necessary to support this claim. Docket #108 at 2. Moreover, the Plaintiff argues his delay in seeking to add this claim was occasioned by the fact that he was waiting for a decision by the First Circuit in the related case of Osorio v. One World Technologies, Inc., No. 10–1824, 2011 WL 4582425 (1st Cir. October 5, 2011). In their response to the Plaintiff's 30-day letter, the Defendants expressly stated they were not prepared to make a settlement offer until a decision in the Osorio case was rendered. Docket #111 at 2. The Plaintiff's argument is that the sending of a 30-day demand letter, a prerequisite to the filing of a 93A claim, would have been futile given that the Defendants were not prepared to engage in any settlement discussions. When the First Circuit had not rendered a decision in the Osorio case by July 2011, however, and with trial then scheduled to begin in September, the Plaintiff had no choice but to proceed with the 93A demand letter. Id. The Defendants respond that the Plaintiff delayed unduly in seeking leave to amend his complaint, and that he has not provided "a valid reason for that delay." Docket #109 at 2.

The fact that, as the Plaintiff argues, in Massachusetts, a breach of warranty claim is so integrally tied to a 93A claim that "[g]enerally, a breach of warranty constitutes a violation of G.L. c. 93A, §2," Maillet v. ATF-Davidson Co., Inc., 407 Mass. 185, 193 (1990), cuts both ways. On the one hand, the Plaintiff is correct that because of the fundamentally similar nature of the claims, the Defendants have presumably been preparing to litigate this issue since the complaint was filed and indeed do not contend, for example, that any additional discovery would be required were the motion to amend allowed. Prejudice to the Defendants is therefore slight, at most. On the other hand, however, the fundamental similarity of the claims casts doubt on the Plaintiff's diligence; the Plaintiff was aware of the underlying facts giving rise to the claim of

4

breach of warranty and therefore has been aware since the complaint was filed of the possibility of a related 93A claim.  It is useful, therefore, to consider the theory underlying the "good cause" standard of Rule 16(b).  As the First Circuit explained:

> "The rationale is that application of the "good cause" standard preserves the integrity and effectiveness of Rule 16(b) scheduling orders. . . . .In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation. . . . For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril. . . . liberally granting motions to amend the pleadings-filed after a party has disregarded the scheduling order deadline-would effectively "nullif[y] the purpose of Rule 16(b)(1)."

O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir.2004).  Given the similarity of the claims at issue, and, particularly, given that the Defendants do not argue that allowing the motion to amend would result in any alteration to the express terms of the scheduling order, the concerns underlying the "good cause" standard of Rule 16(b) are satisfied in this case.

III.   CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to File Amended Complaint (Docket #108) is ALLOWED.

                                              /s / Leo T. Sorokin
                                      UNITED STATES MAGISTRATE JUDGE